UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY E. WHITFIELD,

                Petitioner,

v.

SCOTT FRAKES,

                Respondent.

No. C09-5361 FDB/KLS

ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT

This habeas corpus petition has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner Anthony E. Whitfield seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. 5. Before the court is Respondent's motion for more definite statement. Dkt. 12. Having considered the motion, the petition, and balance of the record, the court finds and **ORDERS** as follows:

## DISCUSSION

Respondent states that after carefully reviewing the petition and attachments and because of discrepancies in the pleadings, he is confused as to the specific grounds for relief actually pursued by Mr. Whitfield in this habeas corpus proceeding. Dkt. 12. Respondent therefore, requests that the Court direct Mr. Whitfield to provide a concise statement of the actual grounds for relief he intends to raise in the current petition so that the Respondent may properly respond.

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT - 1

reasonably prepare a response." Fed.R.Civ.P. 12(e). The motion requesting a more definite statement must identify defects and specify the details desired. Id.

Mr. Whitfield's petition consists of a form petition under 28 U.S.C. § 2254, and a number of attachments. *See* Dkt. 5; 5-1. On page 6 of the form petition, in the section provided for the petitioner to specifically identify the grounds for relief, Mr. Whitfield wrote, "*SEE ATTACHMENT Though I appealed my direct appeal and P.R.P to State Supreme Court . . . I am only raising my P.R.P. issues with this court (U.S. District Court of Western Washington)." Dkt. 5, p. 6. Respondent notes, however, that on page 12 of the form petition, Whitfield indicates the habeas corpus petition also raises a ground for relief that has not been presented in state court, identifying that ground as "a rebuttal ground pertaining to the State's assertion that the 'except HIV infection' of RCW 70.24.140 is exclusionary (State Resp. Pg. 5-6) . . . SEE ATTACHMENT." *See* Petition, Doc. # 1-2, at 12.

The second attachment to the form petition is a two page document, titled "Supplemental Authorities For Habeas Petition." Dkt. 5, Exh. 1, pp. 16-17. This document states it is "a SUPPLEMENTAL AUTHORITIES FOR HABEAS PETITION memorandum to clarify the principle ground that the petitioner is raising in his Writ of Habeas Corpus, and the authorities in support." *Id., p. 16.* Petitioner then states:

I. <u>PETITIONER'S PRINCIPLE GROUND</u>

WHITFIELD'S STATE AND U.S. CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION OF THE LAWS WERE VIOLATED BY THE COEXISTING, CONCURRENT, AND FULLY OPERATIONAL LEGISLATIVE ENACTMENTS OF RCW 70.24.140, 080 AND RCW 9A.36.011(1)(b), WHICH EFFECTUALLY VESTED THE PROSECUTING ATTORNEY WITH IMPROPER DISCRETION TO CHARGE WHITFIELD WITH EITHER RCW 70.24.140, 080 (Gross misdemeanor punishment) OR RCW 9A.36.011(1)(b) (Felony punishment).

ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT - 2

Dkt. 5-2, p. 16.

Because of the prominent identification of this single ground, Respondent believes that it suggests it is the only ground for relief Mr. Whitfield intends to pursue in federal court. Dkt. 12, p. 2. However, Respondent argues that Mr. Whitfield's use of the word "principle" creates confusion, suggesting that this can be either the only ground for relief, or the primary ground among many grounds for relief. *Id*.

Respondent complains that a review of the petition and attachments do not clarify this point as the very next page of the document provides argument concerning this "principle" ground, but then appears to indicate that Mr. Whitfield is also raising additional grounds included "in his MEMORANDUM ATTACHMENT (Section III.). Dkt. 5-2, p. 17. The next attachment to the petition, titled "MEMORANDUM ATTACHMENT," appears to raise at least five additional grounds as it sets forth five "QUESTIONS PRESENTED," and provides argument concerning these five questions. *Id.*, pp. 19-20. However, at the end of this attachment, Mr. Whitfield writes:

> *This memorandum reverts to the legal grounds used in Whitfield's P.R.P. Please refer to the equal protection violations therein in addition to the grounds raised herein: NATURE OF CASE (Section III.)

Dkt. 5-2, p. 24.

After review of Mr. Whitfield's petition and attachments, the court agrees with Respondent that is unclear whether Mr. Whitfield wishes to pursue only those claims actually identified in the personal restraint petition filed in state court, just the "principle" claim identified in the "Supplemental Authorities" attached to the form petition, the issues raised in the "Memorandum Attachment," or all of the various issues identified throughout the form petition and attachments.

ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT - 3

Accordingly, it is **ORDERED**:

(1) Respondent's motion for a more definite statement (Dkt. 12) is **GRANTED**. Petitioner shall file and serve a concise statement of the grounds raised in his petition on or before **November 13, 2009**. Respondent shall file and serve his answer within 45 days after service of the statement of the grounds for relief.

(2) The Court Clerk is directed to send copies of this Order to Petitioner and counsel for Respondent.

**DATED** this 26th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge