1
2
3
4
5
6            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                    AT TACOMA
8
ANTHONY E. WHITFIELD,
9                                          No. C09-5361 FDB/KLS
                              Petitioner,
10                                         **REPORT AND RECOMMENDATION**
            v.                             **Noted for:  March 5, 2010**
11
SCOTT FRAKES,
12
                              Respondent.
13
14        This case has been referred to United States Magistrate Judge Karen L. Strombom

15   pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.   Petitioner Anthony E.

16   Whitfield filed a 28 U.S.C. § 2254 habeas corpus petition related to his 2004 convictions.  Dkt.

17   5.  On August 28, 2009, Respondent filed a motion for more definite statement because the form

18   petition and accompanying attachments created confusion as to the specific grounds for relief

19   being pursued by Petitioner.  Dkt. 13.  After the court granted the motion and directed Petitioner

20   to file a concise statement of the grounds raised in his petition (Dkt. 13), Petitioner filed a more

21   definite statement. Dkt. 14.  In the statement, Mr. Whitfield states that he is presenting six

22   grounds for habeas corpus relief.  *Id.*, p. 2.  The six grounds for relief include the claim

23   identified as "Petitioner's Principle Ground," and the second through sixth issues listed as

24
25   "Questions Presented."  *Id.*, p. 2; *see also* Attachment to Petition, Doc. # 1-3, at 16 and 19-20.
26

Mr. Whitfield further indicated that he is not raising a seventh ground, the "rebuttal ground," because he did not present that ground to the state courts. Dkt. 14, p. 2.

Respondent filed a response and relevant state court record. Dkts. 15 and 16. Respondent answers the six grounds for relief identified by Mr. Whitfield and asserts that Mr. Whitfield is not entitled to relief under 28 U.S.C. § 2254(d) on any of the six claims because the claims are not based upon clearly established federal law. Dkt. 15, pp. 11-21.

Mr. Whitfield then filed a "Rectification Motion," arguing that Respondent has improperly construed the petition as raising six separate grounds for relief and that "the [Questions Presented] are actually subcategorized under the [Principle Ground], not at all independently presented." Dkt. 17 p. 1. Mr. Whitfield argues that all of the grounds "are all claiming federal constitutional violations of Equal Protection and Privileges and Immunities." *Id.*, p. 1. Mr. Whitfield also presents his arguments why the court should grant relief on the claims. *Id.*, pp. 2-3.

Having carefully reviewed the parties' filings and the record relevant to the grounds raised in the petition, the undersigned recommends that the habeas petition be denied and this action dismissed. Whether the grounds are treated as separate claims or as one with multiple subcategories, Mr. Whitfield has failed to establish a basis for habeas corpus relief under 28 U.S.C. § 2254(d).

## I. STATEMENT OF THE CASE

### A. Basis of Custody

Anthony Whitfield is in custody pursuant to his convictions for 17 counts of first degree assault with sexual motivation, two counts of witness tampering, and three counts of no-contact order violations. Dkt. 16, Exh. 1.

REPORT AND RECOMMENDATION - 2

**B.      Factual Background**

The Washington Court of Appeals summarized the facts underlying Mr. Whitfield's

convictions as follows:

> Whitfield learned that he had HIV (human immunodeficiency virus) in
> April 1992, while incarcerated in Oklahoma. On April 20, 1995, he wrote: "My
> family is aware of my current medical status and have been since April of 1992."
> [court's footnote 1.  Whitfield's case manager at the Howard McLeod
> Correctional Center testified that this "current medical status" referred to
> Whitfield's HIV status.  Report of Proceedings at 174.] Exhibit 10A.
>
> In a memorandum dated April 25, 1995, a psychologist at the Howard
> McLeod Correctional Center stated: "[Whitfield] was diagnosed H.I.V. positive
> while incarcerated at Dick Conner Correctional Center.  Reportedly, he contracted
> the virus through non-consensual sex while incarcerated."  Exh. 10 (Interoffice
> Memorandum).  Whitfield's case manager also wrote: "Whitfield is well aware of
> the consequence of his disease and this seems to frighten him.  If he becomes a
> threat to the public it will not be because of ignorance." Exh. 10B.  After being
> released from prison in 1995, Whitfield moved to Washington in 1999 and later
> had multiple sexual encounters with 17 women.  He fathered three children with
> three different women.
>
> During more than a thousand sexual liaisons involving oral, vaginal, and
> sometimes anal sex, Whitfield rarely wore a condom, even when asked to.  And
> he never informed any of his partners that he had been diagnosed HIV-positive.
> When asked about his sexually transmitted disease status, he would deny having
> any disease or would state that he had tested negative.  At least five of the 17
> women became HIV-positive or ill with Acquired Immune Deficiency Syndrome
> (AIDS) after having sex with Whitfield.
>
> From time to time during this period, Whitfield made comments about
> HIV.  On one occasion, he asked his sex partner's friend, a home care nurse,
> whether she cared for people sick with HIV or AIDS.  When she replied that she
> did not, Whitfield stated that if he had HIV, he would infect as many people as he
> could.  And while talking with another sex partner and her friend, Whitfield stated
> that if he had HIV, he would give it to as many people as possible.
>
> Dr. Diana Yu, the Thurston County Public Health Officer, first became
> aware of Whitfield in 2002, when a person diagnosed with AIDS named him as a
> sex partner.  Dr. Yu's office tried unsuccessfully to locate Whitfield at that time.
> In March 2003, another woman diagnosed with AIDS named Whitfield as her
> only sex partner. Diana Johnson, a supervisor of the HIV unit, [court's footnote 2.
> This is an HIV outreach program for HIV prevention and education.] then located

REPORT AND RECOMMENDATION - 3

and interviewed Whitfield in May. Johnson met with Whitfield in an Olympia parking lot and tested him for HIV.

Upon receiving the results, Johnson tried to reach Whitfield either at his home and by calling his cellular telephone, but she was initially unable to contact him. On August 1, Johnson contacted Whitfield by telephone and met with him at the Health Department. When she told him that the test results indicated that he was HIV-positive, Whitfield broke into tears. Using a standard HIV post-test counseling form, Johnson then explained to Whitfield about what he needed to do to avoid infecting others, which included notifying all his sexual partners of his HIV status and using condoms to reduce the risk of infection. At the end of the counseling, Whitfield signed the form.

In December 2003, Dr. Yu learned that a third individual diagnosed with AIDS named Whitfield as a sex partner. Dr. Yu contacted a Thurston County deputy prosecutor. On March 11, 2004, Dr. Yu signed a Health Officer Order brought under RCW 70.24.024 (cease and desist order).

The next day, Johnson served Whitfield with the cease and desist order. The cease and desist order required Whitfield to submit names and information about all of his sexual partners to the Health Department. It also ordered Whitfield not to engage in any activity that may involve exchange of vaginal fluid or semen and to inform all of his sexual partners that they may have been exposed to HIV. Dr. Yu then drafted a declaration under RCW 70.24.034 and sent it to the deputy prosecutor to aid the prosecutor in detaining Whitfield.

On March 24, 2004, Detective Paul Lower went to Whitfield's residence to execute a search warrant. The detective encountered Whitfield as he loaded household goods into a U-Haul truck. Detective Lower then arrested Whitfield for first degree assault. The next day, the detective saw Whitfield at the jail. Whitfield admitted to Detective Lower that he had had multiple sexual contacts with eight women after his counseling with Johnson in August 2003. According to Detective Lower, Whitfield also admitted that he had discarded the post-HIV counseling documents.

On March 25, the Thurston County Superior Court issued a no-contact order prohibiting Whitfield from contacting B.S., one of his former sexual partners. Whitfield signed the order, indicating that he received a copy of it. Whitfield, however, called B.S. from the jail on March 29 and 31, and April 8. During the calls, Whitfield tried to persuade B.S. to testify that he had told her about his HIV status.

On October 28, 2004, the State, in its sixth amended information, [footnote 3 omitted] charged Whitfield with 17 counts of first degree assault with sexual motivation, in violation of RCW 9A.36.011(1)(b) and RCW 9.94A.835; 3

REPORT AND RECOMMENDATION - 4

counts of witness tampering, in violation of RCW 9A.72.120(1)(a); and 3 counts of violating a no-contact order, in violation of RCW 26.50.110(1). Fourteen of the 17 first degree assault charges, the three witness tampering charges, and the three no-contact order violation charges included a domestic violence element of RCW 10.99.020.

After Whitfield waived his right to a jury trial, a bench trial ensued. At trial, Dr. Yu testified that medical science currently cannot cure HIV or AIDS and that HIV eventually leads to AIDS. She also stated that the statistical risk of a female getting infected by an unprotected vaginal intercourse with an HIV-positive male is four percent but that science cannot predict who will become infected and who will not.

Dr. Mark Whitehill, a clinical psychologist and a certified sex offender treatment provider, testified on Whitfield's behalf. He said, "I've found no evidence, psychologically, that [Whitfield's] assaultive conduct was intentional. Hence, it seems to me a diminished capacity defense is appropriate." Report of Proceedings (Trial) (RP) at 795. Dr. Whitehill also testified that Whitfield admitted knowing that he was HIV-positive since 1992.

The court found Whitfield guilty as charged on all counts except one count of witness tampering. The court ruled:

> For a person prosecuted for Assault in the First Degree by exposing another to HIV, it does not matter whether the exposure resulted in transmission of the virus. Neither does it matter whether the other person was already infected with the virus from another source.

> I find that each exposure of HIV by unprotected penile-vaginal intercourse encompasses a risk of transmission of the virus measured at approximately 4 percent .... While each single act of exposure carries a transmission risk of 4 percent, and while the risk of transmission does not increase for any particular act of exposure over time, repeated acts of exposing the same person to HIV increased the risk that transmission will occur during one of the repeated acts in a mathematical progression. Thus, 25 or more acts of exposing a person to HIV increases the risk that at least one act will transmit the virus to something near 100 percent.

RP at 907-08. After carefully analyzing all the evidence, the court concluded that Whitfield "intended to expose" all 17 victims to HIV. RP at 929. The court also stated, "I further find that all of the acts in Counts 1 through 17 involved a domestic violence relationship. I further find that all acts in Counts 1 through 17 were committed with sexual motivation." RP at 930.

REPORT AND RECOMMENDATION - 5

Dkt. 16, Exh. 2.

## C.    Procedural History

Mr. Whitfield appealed from his judgment and sentence to the Washington Court of Appeals.  Dkt. 16, Exh. 3.  The Washington Court of Appeals affirmed.  *Id.*, Exh. 2.

Mr. Whitfield sought review by the Washington Supreme Court, in which he presented the following issues:

1)    Whitfield was prosecuted, *inter alia*, for seventeen counts of first degree assault.  Does a sentence of 178.08 years violate the constitutional ban against cruel and unusual punishment?

2)    Principles of due process require the State present sufficient evidence to prove each of the elements of a criminal offense beyond a reasonable doubt.  Did the court engage in a constitutionally adequate proportionality review where the court imposed a sentence of 178.08 years?  RAP 13.4(b)(3); RAP 13.4(b)(4).

3)    Does RCW 9A.36.011(1)(b), which prohibits spreading or exposing others to human immunodeficiency virus, violate equal protection clauses contained in the Fourteenth Amendment to the United States Constitution and the Washington Constitution if the statute authorizes prosecution for spreading some forms of sexually transmitted diseases but does not authorize the prosecution of persons who spread other types of STDs?

4)    Does RCW 9A.36.011 violate equal protection of the law if it imposes a Class A felony where RCW 70.24.024 prohibits the same behavior, and where violation of RCW 70.24.024 results in a conviction for a gross misdemeanor rather than a felony?

5)    Does RCW 9A.36.011 violate Article I, § 12 of the Washington Constitution requiring that no law grant "any citizen, class of citizens, . . . privileges or immunities which upon the same terms shall not equally belong to all citizens. . ." where the statute prohibits the intentional exposure to or transmission of HIV but leaving those who transmit other Sexually Transmitted Diseases immune from prosecution?

6)    Did the trial court judge err by precluding the Petitioner from presenting a defense based on consent of the complaining witnesses to engage in unprotected sexual intercourse where the record contains numerous

REPORT AND RECOMMENDATION - 6

references to his status as a "player" and his promiscuous lifestyle, and where the risk regarding unprotected sex is advertised in the popular culture?

7) Did the trial court err in imposing a sentence that contains minimum and maximum terms under RCW 9.94A.712 in violation of the Sixth Amendment requirement that a jury make the determination beyond a reasonable doubt? RAP 13.4(b)(3); RAP 13.4(b)(4).

Dkt. 16, Exh. 7, pp. 1-2.

The Washington Supreme Court denied review on March 7, 2007, and the mandate issued on March 16, 2007. Dkt. 16, Exhs. 8 and 9.

Mr. Whitfield filed a personal restraint petition in the Washington Court of Appeals on March 8, 2008. *Id.*, Exhs. 10. The Washington Court of Appeals dismissed the petition. *Id.*, Exh. 13. Mr. Whitfield then sought review by the Washington Supreme Court. *Id.*, Exh. 14. In his petition for review, Mr. Whitfield alleged:

1) The prosecutor should have charged Whitfield under the specific statute, RCW 70.24.140, rather than the general statute, RCW 9A.36.011(1)(b).

2) The prosecution of Whitfield under RCW 9A.36.011(1)(b) rather than RCW 70.24.140 violated equal protection.

3) The Washington Court of Appeals erred in its resolution of the personal restraint petition when the court ruled that Whitfield was improperly seeking to litigate an issue determined on direct appeal.

*Id.,* Exh. 14.

The Commissioner of the Washington Supreme Court denied review. *Id.*, Exh. 16. Mr. Whitfield moved to modify the Commissioner's ruling. *Id.*, Exh. 17. The Washington Supreme Court denied the motion to modify on June 3, 2009. *Id.*, Exh. 18; Exh. 19 (Certificate of Finality).

REPORT AND RECOMMENDATION - 7

## II. ISSUES FOR FEDERAL HABEAS REVIEW

Mr. Whitfield presents this court with the following grounds for federal habeas relief:

PETITIONER'S PRINCIPLE GROUND

WHITFIELD'S STATE AND U.S. CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION OF THE LAWS WERE VIOLATED BY THE COEXISTING, CONCURRENT, AND FULLY OPERATIONAL LEGISLATIVE ENACTMENTS OF RCW 70.24.140, .080 AND RCW 9A.36.011(1)(b), WHICH EFFECTUALLY VESTED THE PROSECUTING ATTORNEY WITH IMPROPER DISCRETION TO CHARGE WHITFIELD WITH EITHER RCW 70.24.140, .080 (Gross misdemeanor punishment) OR RCW 9A.36.011(1)(b) (Felony punishment).

* * *

QUESTIONS PRESENTED

1)(a)  In respect to the general – vs. – specific claim (RCW 70.24 and RCW 9A.36.011(1)(b)) that Whitfield raised in his direct appeal, if a "random defendant" were to later raise the subsequent general – vs. – specific claim (RCW 70.24.140, .080 and RCW (9A.36.011(1)(b)) that Whitfield raised in his P.R.P., could the P.R.P. claim be decided as stare decisis using Whitfield's direct appeal general – vs. – specific claim?

1)(b)  Does Whitfield's direct appeal, broad citation of the entire chapter of RCW 70.24 bar him from later arguing a particular chapter of RCW 70.24, specifically RCW 70.24.140? and would such factors, in conjunction with both direct and P.R.P. issues bearing the same "general – v. – specific title," constitute "types of relief" or "grounds for relief?"

2)  Is RCW 70.24.140's implied or RCW 9A.36.011(1)(b)'s direct intent language determinative of whether they are concurrent or not?  since in both instances the intent is purposeful in design to inflict great bodily harm.

3)  If the language of RCW 70.24.140 – specifically "except HIV infection" – is interpreted to mean the exclusion of HIV infected persons, would RCW 70.24.140 be violative of Whitfield's state and federal constitutional rights of equal protection by creating a suspect or semi-suspect class of persons with sexually transmittable diseases, thus warranting strict or immediate scrutiny or a rational basis test because it excludes HIV infected persons from the lesser penalty of a gross misdemeanor (RCW 70.24.140, .080) as

opposed to the substantially harsher felony penalty of RCW 9A.36.011(1)(b)?

4)     If sexually transmittable diseases other than HIV possess the capacity of resulting in death and are incurable, such as when syphilis complications led to the premature death of the infamous, Italian-born, American gangster Al Capone (1899-1947), and how, like HIV, there is no known cure for the sexually transmitted herpes virus. These factual examples indicate that HIV is equitable with other sexually transmittable diseases in terms of causing death or its incurability element. In light of such revelations, does the language of RCW 70.24.140 – specifically "except HIV infection" – violate Whitfield's state and federal constitutional rights of privileges and immunities by singling out HIV infected persons as being ineligible to benefit from the privilege and/or immunity of the lesser penalty of a gross misdemeanor (RCW 70.24.140, .080) as opposed to the substantially harsher penalty of RCW 9A.36.011(1)(b)?

5)     Does RCW 70.24.140 and RCW 9A.36.011(1)(b) possess the necessary language elements that would deem them as being essentially the same? And would this then make the two statutes concurrent?

Dkt. 12; Dkt. 5-2, pp. 16, 19-20.[1]

Mr. Whitfield is not raising a seventh ground, the "rebuttal ground," because he did not present that ground to the state courts. Dkt. 12, p. 2.

### III. EXHAUSTION

Respondent concedes that Mr. Whitfield has exhausted his state remedies by presenting his claims to the Washington courts on the same factual basis and legal theory as the claims are now presented in federal court. Dkt. 15, p. 9.

---

[1] Petitioner states that all of his questions presented are subcategories to his "principal ground" for recovery and all are claiming "federal constitutional violations of Equal Protection and Privileges and Immunities." Dkt. 17, p. 1. In Petitioner's More Definite Statement, Petitioner stated that he "added these five questions as a request for this Court to review whether the lower state courts wrongly denied review," and that he believed that this court would review the issues independently of his 'principal ground.'" Dkt. 14, pp. 1-2. Whether the questions are presented as separate categories or subcategories is immaterial to the court's determination of whether Petitioner has established a basis for relief under 28 U.S.C. § 2254(d). The questions are set forth as presented by Mr. Whitfield in his petition and each question has been reviewed and analyzed by this court.

REPORT AND RECOMMENDATION - 9

# IV. EVIDENTIARY HEARING AND REQUEST FOR COUNSEL

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). State court findings are presumptively correct in federal habeas corpus proceedings, placing the burden squarely on the petitioner to rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). Because the deferential standards prescribed by § 2254 of the Antiterrorism and Effective Death Penalty Act (AEDPA) control whether to grant habeas relief, a federal court must taken into account those standards in deciding whether an evidentiary hearing is appropriate. *Id.*

An evidentiary hearing is not required where the petition raises solely questions of law or where the issues may be resolved on the basis of the state court record. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). The petitioner must demonstrate that an evidentiary hearing would materially advance his claims and explain why the record before the court, or an expanded record, is inadequate for review. *Totten*, 137 F.3d at 1176-77; see also Rule 8 of the Rules Governing 2254 Cases. It is not the duty of the state court to ensure that the petitioner develops the factual record supporting a claim. *Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) (citing *McKenzie v. McCormick*, 27 F.3d 1415, 1419 (9th Cir. 1994)); see also *Baja v. DuCharme*, 187 F.3d 1075, 1079 (9th Cir. 1999); *In re Rice*, 118 Wash.2d 876, 884, 828 P.2d 1086, cert. denied, 506 U.S. 958 (1992).

The court has completed its review of the petition and found that the claims presented by Mr. Whitfield may be resolved solely by reference to the state court record. Therefore, his

request for an evidentiary hearing is denied.  Likewise, his request for court-appointed counsel is also denied.

In his "rectification motion," Mr. Whitfield requested court-appointed counsel in the event "this court decides to review the petitioner's habeas corpus."  Dkt. 17, p. 3.  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal, in nature.  See *Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

## V.  STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.  *Engle v. Isaac*, 456 U.S. 107 (1983).  Pursuant to the federal habeas statute for state convictions, a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States."  § 2254(a)(1995).  The Supreme Court has repeatedly held that federal habeas corpus relief does not lie for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

In a habeas corpus petition, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes the district court's standard of review of the state court's decision.  *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005).  Under AEDPA, a federal court cannot grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA standard of review "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law set forth" in the Supreme Court's cases. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams*, 529 U.S. at 405-06). A state court decision also is contrary to the Supreme Court's clearly established precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, "and nevertheless arrives at a result different from" that precedent. *Id.*

A state court decision can involve an "unreasonable application" of the Supreme Court's clearly established precedent in the following two ways: (1) the state court "identifies the correct governing legal rule" from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's case; or (2) the state court "unreasonably extends a legal principle" from the Supreme Court's precedent "to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. However, "[t]he 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75. That is, "[t]he state court's application of clearly established law must be objectively unreasonable." *Id.*

REPORT AND RECOMMENDATION - 12

Under 28 U.S.C. § 2254(d)(2), a federal petition for writ of *habeas corpus* also may be granted "if a material factual finding of the state court reflects 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Juan H. v. Allen*, 408 F.3d 1262, 1270 n.8 (9th Cir. 2005) (9th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)).  As noted above, however, "[a] determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## VI.  DISCUSSION

**A.     Violation of Equal Protection - "Principle Ground," 3rd and 4th "Questions Presented"[2]**

In his "principle ground" for habeas relief, Mr. Whitfield alleges an equal protection violation because the prosecutor had discretion to charge him either with a felony under RCW 9A.36.011(1)(b) or a misdemeanor under RCW 70.24.080 and .140.  In his third and fourth questions presented, Mr. Whitfield similarly alleges equal protection violations because these statutes distinguish between individuals with HIV and individuals with other types of sexually transmitted diseases.   Dkt. 5, pp. 16, 19-20.

Respondent argues that Mr. Whitfield is not entitled to relief because these claims are not based upon clearly established federal law.  Dkt. 15, pp. 13-15.

The Supreme Court has held that prosecutorial discretion to charge a defendant under one of two statutes, each of which provides differing penalties following a conviction, does not violate the right to equal protection:

---

[2] Claim 4 is also analyzed below as to Petitioner's claim that his prosecution under RCW 9A.36.011(1)(b) violated the Fourteenth Amendment's rights and immunities clause.

REPORT AND RECOMMENDATION - 13

This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants.... Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.

*United States v. Batchelder*, 442 U.S. 114, 123-26 (1979); *see also United States v. Nance*, 962 F.2d 860, 864 (9th Cir. 1992) ("Prosecutorial decisions on whether and what to charge are almost completely discretionary. . . ." so no due process violation where defendant is charged with federal, rather than state, offense. As noted by Respondents, the *Batchelder* Court specifically rejected the view that, "when two statutes prohibit 'exactly the same conduct,' the prosecutor's 'selection of which of two penalties to apply' would be 'unfettered.'" *Batchelder*, 442 U.S. at 124; *see also Grooms v. Keeney*, 826 F.2d 883, 887 (9th Cir. 1987) ("there is no equal protection violation when two statutes prohibit the same conduct and a prosecutor chooses the one to apply unless there is discrimination against a particular class of defendants."); *United States v. Lande*, 968 F.2d 907, 912 (9th Cir. 1992) ("Where two criminal statutes apply to the same conduct, it is for the prosecutor, not the court, to decide under which statute or statutes to prosecute."); *Burke v. United States*, 282 F.2d 763, 768-69 (9th Cir. 1960) (where the two statutes require proof of a different material element, there is no equal protection violation).

In rejecting Mr. Whitfield's claim that prosecuting him under RCW 9A.36.011(1)(b) violated his equal protection rights, the Washington Court of Appeals held:

Whitfield next contends that prosecuting him under RCW 9A.36.011(1)(b) violated the equal protection clause of the Fourteenth Amendment to the United States Constitution and article I of the Washington Constitution. Specifically, Whitfield challenges the constitutionality of RCW 9A.36.011(1)(b) on the basis that

REPORT AND RECOMMENDATION - 14

the statute authorizes the prosecution of persons who are HIV positive but does not prohibit the intentional transmission of other harmful, sexually transmitted diseases such as herpes, gonorrhea, and syphilis ... and ... prosecution for first degree assault results in substantially greater punishment than under RCW 70.24.080.

Appellant's Br. at 31-32. He asserts that RCW 9A.36.011(1)(b) creates a suspect or semi-suspect class and that the statute cannot withstand strict or intermediate scrutiny. [court's footnote 7. Whitfield also asserts that RCW 9A.36.011(1)(b) should fail even the rational basis test. He advances this argument by simply stating: "The classification of persons suffering from HIV is purely arbitrary." Appellant's Br. at 39. This assertion lacks merit because Whitfield fails to explain why the statute is purely arbitrary. *State v. Coria,* 120 Wn.2d 156, 172, 839 P.2d 890 (1992).]

In an equal protection analysis, we must first decide which standard of judicial review applies. *Convention Ctr. Coalition v. City of Seattle,* 107 Wn.2d 370, 378, 730 P.2d 636 (1986). The strict scrutiny test applies when the allegedly discriminatory classification affects a suspect class or threatens a fundamental right. *State v. Manussier,* 129 Wn.2d 652, 672-73, 921 P.2d 473 (1996), *cert. denied,* 520 U.S. 1201, 117 S. Ct. 1563, 137 L.Ed.2d 709 (1997). The intermediate scrutiny test applies where strict scrutiny is not mandated, but where important rights or semi-suspect classifications are affected. *Manussier,* 129 Wn.2d at 673, 921 P.2d 473. And the rational basis test applies if a statutory classification does not involve a suspect or semi-suspect class and does not threaten a fundamental right. *Manussier,* 129 Wn.2d at 673, 921 P.2d 473. RCW 9A.36.011(1)(b) does not create a suspect or a semi-suspect class because it does not subject persons with HIV to unequal treatment.

Under RCW 9A.36.011(1), "[a] person is guilty of assault in the first degree if he or she, with intent to inflict great bodily harm ... (b) Administers, exposes, or transmits to or causes to be taken by another, poison, the human immunodeficiency virus as defined in chapter 70.24 RCW, or any other destructive or noxious substance."

As the State correctly points out, "[t]he basis of criminal culpability under this statute is not who a person is or what that person's condition is, but rather what the person does." Resp't's Br. at 43. That is, "[a] non-infected individual who injected HIV-infected blood into another person with the intent to inflict great bodily harm would be just as guilty of this offense as an HIV-infected person who exposed another person to the virus through the act of unprotected sexual intercourse with the intent to inflict great bodily harm." Resp't's Br. at 43-44. Because the statute applies equally to HIV-infected persons and non-HIV-infected persons, it does not create a suspect or a semi-suspect class.

Thus, the rational basis test applies. [court's footnote 8. Further, the rational basis test applies when physical liberty is at issue. *State v. Dobbins,* 67 Wn. App. 15, 22, 834 P.2d 646 (1992), *review denied,* 120 Wn.2d 1028, 847 P.2d 481 (1993).] "Under the rational basis test, a legislative classification will be upheld 'unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives.'" *Coria,* 120 Wn.2d at 171, 839 P.2d 890 (quoting *Omega Nat'l Ins. Co. v. Marquardt,* 115 Wn.2d 416, 431, 799 P.2d 235 (1990)). "The burden is on the party challenging the classification to show that it is 'purely arbitrary.'" *Coria,* 120 Wn.2d at 172, 839 P.2d 890 (quoting *Omega,* 115 Wn.2d at 431, 799 P.2d 235).

Here, the classification under RCW 9A.36.011(1)(b) bears a reasonable relationship to a legitimate state objective-to stop the transmission of a deadly disease. As Dr. Yu testified and the trial court found, HIV is incurable and shortens the life expectancy of anyone infected. No one can question the State's interest in stopping its spread. Because Whitfield fails to show a purely arbitrary classification, his equal protection argument fails.

Dkt. 16, Exh. 2, pp. 8-10 (*State v. Whitfield*, 132 Wn. App. at 890-92).

Federal law is not contrary to the decision of the Washington Court of Appeals. The Fourteenth Amendment's equal protection clause requires that all persons similarly situated be treated alike. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Mayner v. Callahan*, 873 F.2d 1300, 1301 (9th Cir. 1989). A necessary element for an equal protection violation is that the person be "similarly situated" to others receiving different treatment; if the complainant is not similarly situated, there is no violation. *Powell v. Ducharme*, 998 F.2d 710, 716 (9th Cir. 1993). Even if a person is similarly situated, an equal protection claim "must be rejected unless the [state's] action is patently arbitrary and bears no relationship to a legitimate governmental interest." *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir. 1987). To survive an equal protection challenge, the State need not elect the best means for advancing its goals. *Id*. at 603. As long as the State's action bears some rational relationship to a legitimate governmental interest, a court cannot "'sit as a superlegislature' and dictate another [course of action] it believes to be wiser or more

equitable." *Id.* at 604 (quoting *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (per curiam)).

Mr. Whitfield is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) because he makes no claim that he is "similarly situated" to others receiving different treatment. The state court adjudication of this claim was not contrary to or an objectively unreasonable application of clearly established federal law. Accordingly, the undersigned recommends that federal habeas relief be denied on Mr. Whitfield's "Principle Ground," Third Question Presented, and Fourth Question Presented (insofar as it purports to claim violation of the Fourteenth Amendment's equal protection clause).

**B.      First, Second, Fourth and Fifth Questions Presented**

Respondent argues that the remainder of Mr. Whitfield's claims are all based on alleged errors of state law. Those claims include that:  (1) RCW 9A.36.011(1)(b) was concurrent to the civil health statutes in chapter 70.24 RCW and the prosecutor had a duty to charge Mr. Whitfield under the more specific statutes in chapter 70.24 RCW; (2) the disparate treatment of people with HIV (as opposed to other sexually transmitted diseases) violates the constitutional privileges and immunities clause, and that (3) the Washington Court of Appeals erred in finding that his personal restraint petition was successive as to the issues presented in the First Question Presented (the "specific v. general" claim).

To obtain relief, a petitioner must prove his custody violates the Constitution, laws or treaties of the United States. *Johnson v. Zerbst*, 304 U.S. 458 (1938); *McKenzie v. McCormick*, 27 F.3d at 1418-19. Federal habeas corpus relief simply does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. at 67; *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Miller v. Vasquez*, 868 F.2d 1116, 1119 (9th Cir. 1989).  Even if errors of state law could be reviewed

REPORT AND RECOMMENDATION - 17

in federal court, the state court's determination that there was no error of state law is binding on the federal courts, even when the determination is entered during the review of the challenged judgment. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding Sixth Circuit erred by disregarding state court determination of state law). Mr. Whitfield's remaining questions for review are each discussed below.

**1. First Question Presented.** In his first question presented, Mr. Whitfield claims that the Washington courts erred in rejecting his argument based on the specific provision of RCW 70.24.140 when his direct appeal was based on the "broad citation of the entire chapter" of RCW 70.24. He asks that this court remand his personal restraint petition to the state court for an evidentiary review of whether his claim is successive. Dkt. 17, p. 3. This claim is without merit.

In its rejection of Mr. Whitfield's "general/specific" argument, the Washington Supreme Court stated:

> As indicated, Mr. Whitfield unsuccessfully raised the "general/specific" argument on direct appeal. He therefore cannot again raise that ground for relief in a personal restraint petition unless the interests of justice require reconsideration of the issue. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). Mr. Whitfield argues that he is now relying on a different section of chapter 70.24 RCW, specifically RCW 70.24.140. But he still argues he should have been prosecuted under that chapter as the more "specific" statute. Supporting a previous ground for relief with different legal theories does not raise a "new" ground for relief that may be addressed without considering the interests of justice. *Lord*, 123 Wn.2d at 329. And in any event, RCW 70.24.140 expressly applies to sexually transmitted diseases other than HIV. [court's footnote: RCW 70.24.140 makes it unlawful for anyone "who has a sexually transmitted disease, except HIV infection," and who knows he is infected and can communicate the disease by intercourse, to have intercourse with another person unless that person has been informed of the presence of the disease.] So Mr. Whitfield could not have been prosecuted under that statute.

Dkt. 16, Exh. 16.

REPORT AND RECOMMENDATION - 18

A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975) (per curiam). A petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989); *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Wiles v. Jones*, 960 F.2d 751 (8th Cir. 1992); *Steele v. Young*, 11 F.3d 1518 (10th Cir. 1993).

Even assuming that the state court erred in dismissing his petition, Mr. Whitfield has failed to state a basis for habeas corpus relief as an error in the state post-conviction review process is not addressable through habeas corpus proceedings. Accordingly, the undersigned recommends that federal habeas relief on Mr. Whitfield's First Question Presented be denied.

**2. Second and Fifth Questions Presented.** In these questions, Mr. Whitfield alleges that RCW 9A.36.011(1)(b) was concurrent to the civil health statutes in chapter 70.24 RCW, and that the prosecutor had a duty to charge him under the more specific statutes in chapter 70.24 RCW.

The Washington Court of Appeals rejected Mr. Whitfield's claim that the criminal assault statute and the civil health statute were concurrent so as to require the prosecution to proceed under the civil health statute rather than charging the crime of assault:

SPECIFIC AND GENERAL STATUTES

Whitfield first contends that the State erred by proceeding under RCW 9A.36.011(1)(b) instead of RCW 70.24.024, .034,[footnote 5 omitted] and .080, because chapter 70.24 RCW and RCW 9A.36.011 are concurrent statutes. According to Whitfield, chapter 70.24 RCW is a specific statute whereas RCW 9A.36.011(1)(b) is a general one and, as a result, chapter 70.24 RCW preempts RCW 9A.36.011(1)(b), requiring the State to apply it before RCW 9A.36.011(1)(b).

REPORT AND RECOMMENDATION - 19

We addressed an identical argument in *State v. Stark,* 66 Wn. App. 423, 832 P.2d 109 (1992). There, on learning that Stark, who was HIV-positive, engaged in unprotected sexual activities even after a cease and desist order, a county health officer contacted the county prosecutor to seek aid in obtaining judicial enforcement of the cease and desist order under RCW 70.24.034. *Stark,* 66 Wn. App. at 426-27, 832 P.2d 109. The prosecutor instead asked the health officer to file a police report. The State charged Stark with three counts of second degree assault under RCW 9A.36.021. *Stark,* 66 Wn. App. at 427, 832 P.2d 109. A jury found him guilty of one count, and the trial court found him guilty of the two other counts. *Stark,* 66 Wn. App. at 426, 832 P.2d 109.

On appeal, Stark argued that "RCW 70.24 preempted the more general provisions of RCW 9A.36.021(1)(e)." *Stark,* 66 Wn. App. at 438, 832 P.2d 109. We rejected this argument and noted that "Stark misapplies the rule regarding general and specific statutes. While provisions of a more recent specific statute prevail in a conflict with a more general predecessor, this rule applies only if the statutes deal with the same subject matter and the conflict cannot be harmonized." *Stark,* 66 Wn. App. at 438, 832 P.2d 109. We also stated:

> While civil remedies also existed in the present case, prosecutors have an obligation to enforce criminal laws. RCW 36.27.020. According to the trial court finding and the jury verdicts, Stark committed a felony by intentionally exposing his victims to HIV. While providing a potential civil remedy, nothing in RCW 70.24 precludes the prosecutor from choosing to file criminal charges rather than first exhausting the available civil remedies. The exercise of prosecutorial discretion on whether to criminally charge someone involves a number of considerations, not the least of which is the public interest.

*Stark,* 66 Wn. App. at 431-32, 832 P.2d 109 (citing *State v. Judge,* 100 Wn.2d 706, 713, 675 P.2d 219 (1984)).

Here, Whitfield fails to offer any reason for us to depart from our decision in *Stark.* Nothing requires the State to exhaust civil enforcement measures under chapter 70.24 RCW before enforcing a criminal statute.

Moreover, RCW 70.24.080 [footnote 6 omitted] is not concurrent with RCW 9A.36.011 because a person can violate the former without violating the latter. The essential test in determining whether two statutes are concurrent is whether a violation of the special statute always constitutes a violation of the general statute. *State v. Shriner,* 101 Wash.2d 576, 580, 681 P.2d 237 (1984). Because one can violate a provision of chapter 70.24 RCW or a health officer

order without intending to inflict great bodily harm, an element of first degree assault, Whitfield's argument fails. *See* RCW 9A.36.011.

Dkt. 16, Exh. 2, pp. 6-8.

As noted above, federal habeas corpus relief simply does not lie for mere errors of state law and to obtain relief, a petitioner must prove his custody violates the Constitution, laws or treaties of the United States. *Estelle v. McGuire*, 502 U.S. at 67; *Johnson v. Zerbst*, 304 U.S. 458 (1938); *McKenzie v. McCormick*, 27 F.3d at 1418-19. Mr. Whitfield's claims that the statutes were concurrent, that the prosecution should have proceeded under the more specific statute, and that the failure to do so violated state law are all based upon alleged errors of state law that provide no basis for federal habeas corpus relief.

The Washington Court of Appeals' determination that there was no error of state law is binding on the federal courts, even when the determination is entered during the review of the challenged judgment. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding Sixth Circuit erred by disregarding state court determination of state law). Here, the Washington Court of Appeals determined the prosecutor acted correctly in prosecuting Mr. Whitfield under the assault statute. This determination is binding on the federal courts. Accordingly, the undersigned recommends that federal habeas relief based on Mr. Whitfield's Second and Fifth Questions Presented be denied.

**3. Fourth Question Presented.** In his Fourth Question Presented, Mr. Whitman alleges that the disparate treatment of people with HIV as opposed to other sexually transmitted diseases violates the state and federal constitutional privileges and immunities clause by singling out HIV infected persons as being ineligible to the lesser penalty of RCW 70.24.140, .080, as opposed to the harsher penalty of RCW 9A.36.011(1)(b).

REPORT AND RECOMMENDATION - 21

The Washington Court of Appeals rejected Mr. Whitfield's claim that his convictions violated Washington's constitutional privileges and immunities clause on direct appeal:

### PRIVILEGES AND IMMUNITIES

Whitfield also contends that RCW 9A.36.011(1)(b) violates our constitution's privileges and immunities clause because it grants a special privilege or immunity to those with a sexually transmitted disease other than HIV. In making this argument, Whitfield asserts that "our state's privileges and immunities clause should be interpreted . . . more expansively than the federal equal protection guarantee." Appellant's Br. at 44.

Article I, section 12 of the Washington State Constitution provides in part: "No law shall be passed granting to any citizen, class of citizens ... privileges or immunities which upon the same terms shall not equally belong to all citizens." Our Supreme Court recently held that "the privileges and immunities clause of the Washington State Constitution, article I, section 12, requires an independent constitutional analysis from the equal protection clause of the United States Constitution." [footnote 9 omitted] *Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 805, 83 P.3d 419 (2004).

A violation of article I, section 12 occurs only if the law or its application confers a privilege or an immunity to a class of citizens. *Grant County*, 150 Wn.2d at 812. "[T]he terms 'privileges and immunities' 'pertain alone to those fundamental rights which belong to the citizens of the state by reason of such citizenship.'" *Grant County*, 150 Wn.2d at 812-13, 83 P.3d 419 (quoting *State v. Vance*, 29 Wn. 435, 458, 70 P. 34 (1902)).

Although the parties agree that all citizens have a fundamental right to the State's protection of their physical safety, Whitfield bears the burden of demonstrating how RCW 9A.36.011(1)(b) unconstitutionally grants immunity. *Grant County*, 150 Wn.2d at 811, 83 P.3d 419. Washington courts presume the constitutionality of statutes. *State v. Hennings*, 129 Wn.2d 512, 524, 919 P.2d 580 (1996). "A party challenging the constitutionality of a statute has the heavy burden of proving its unconstitutionality beyond a reasonable doubt." *State v. Blank*, 131 Wn.2d 230, 235, 930 P.2d 1213 (1997).

Whitfield asserts that "[t]here is no legitimate basis for the State to prosecute persons who transmit HIV while failing to prosecute persons who transmit or expose others to herpes, Chlamydia, genital warts, gonorrhea, syphilis, and other sexually transmitted diseases." Appellant's Br. at 43-44. Whitfield's argument lacks merit because the transmission of these other diseases can result in criminal liability by virtue of chapter 70.24 RCW. See, e.g., RCW 70.24.017(13). For instance, a health officer can issue a cease and desist order regarding a

1    sexually transmitted disease, and any violation of the order could result in a gross
2    misdemeanor.  RCW 70.24.024, .034.  Whitfield's argument fails for other
     reasons as well.

3          It is axiomatic that "'[t]he legislature is clothed with power well nigh
4    unlimited to define crimes and fix their punishments.'"  *State v. Feilen,* 70 Wn.
     65, 70, 126 P. 75 (1912) (quoting *State v. Woodward,* 68 W.Va. 66, 68, 69 S.E.
5    385 (1910)).  "The power of the legislature to define crimes and prescribe
6    punishments is virtually unlimited.  It is the prerogative of the legislature to
     determine the kinds and severity of punishment appropriate to each offense and to
7    each degree of a given offense."  *State v. Cook,* 26 Wn. App. 683, 686, 614 P.2d
     215 (1980).  Accordingly, the legislature has the power to subject the intentional
8    transmission of HIV to a more severe penalty than the spread of other sexually
     transmitted diseases.
9
10         Finally, Whitfield fails to show if any of these other diseases will result in
     great bodily harm equivalent to that caused by HIV.  Whitfield's contention that
11   the dangers of these other diseases are "self-evident" and "*a priori* undesirable"
     provides an insufficient basis to limit the legislature's power to determine the
12   kinds and severity of punishments.  Appellant's Reply Br. at 7; *see Cook,* 26 Wn.
     App. at 686, 614 P.2d 215.  Whitfield fails to demonstrate that RCW
13   9A.36.011(1)(b) grants unconstitutional immunity because he relies on an
     erroneous assumption that all of the sexually transmitted diseases must be
14   punished under a single statute – RCW 9A.36.011.

15   Dkt. 16, Exh. 2, pp. 10-13.

16         Mr. Whitfield fails to establish that the decision of the state courts with respect to his

17   claim that disparate treatment of people with HIV as opposed to other sexually transmitted
18
     diseases violates the Washington constitution's privileges and immunities clause was contrary
19
     to, or constitutes an unreasonable application of clearly established federal law as determined
20
     by the Supreme Court, or that the decision was based upon an unreasonable determination of
21
22   the facts in light of the evidence presented to the state courts.

23         The United States Supreme Court has repeatedly held that state courts are the ultimate
24
     expositors of state law. See *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d
25
26   508 (1975).  A federal habeas court must therefore defer to the state courts' interpretation of

REPORT AND RECOMMENDATION - 23

state law.  *Id.*  After evaluating the Washington constitution and RCW 9A.36.011(1)(b), the Washington Court of Appeals determined that Mr. Whitfield failed to establish how RCW 9A.36.011(1)(b) unconstitutionally grants immunity.  That determination is entitled to deference by this Court. And, in light of that determination, Mr. Whitfield's claim must fail because his convictions under RCW 9A.36.011(1)(b) were not contrary to the apparent intent of the Washington legislature nor, as explained above, were they a violation of the Fourteenth Amendment's equal protection clause.[3]

Accordingly, the undersigned recommends that federal habeas relief based on Mr. Whitfield's Fourth Question Presented be denied.

## VII. SUMMARY CONCLUSION

Based on the foregoing discussion, the undersigned recommends that Mr. Whitfield's habeas petition should be **denied**, and this action **dismissed**.

## VIII.  CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

---

[3] Although Mr. Whitfield framed this claim as a violation of his "state and *federal* rights to … privileges and immunities," his argument that all sexually transmitted diseases must be punished under a single statute is appropriately analyzed under the Fourteenth Amendment's equal protection clause.  Under Article IV, Sec. 2 of the Constitution ("Citizens of each state shall be entitled to all Privileges and Immunities in the several States"), discrimination on the basis of out-of-state residency is a necessary element for a claim. *Giannini v. Real*, 911 F.2d 354, 357 (9th Cir.1990) (citation omitted). Cf. *Paciulan v. George*, 229 F.3d 1226, 1229 (9th Cir.2000)(rejecting a Privileges or Immunities argument in a case in which plaintiffs, who were residents of California, were treated no differently from any other residents of California).  Here, Plaintiff does not argue and there is no evidence in the record that he was treated differently from any out-of-state resident or any other residents of Washington when he was convicted under RCW 9A.36.011(1)(b).

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Based on a thorough review of the record and analysis of the law in this case, the undersigned concludes that Mr. Whitfield is not entitled to a COA with respect to any of the claims asserted in his petition because he has not demonstrated that reasonable jurists could debate whether, or agree, that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

## IX.  WRITTEN OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 5, 2010**, as noted in the caption.


DATED this  9th  day of February, 2010.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 25